IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| CLINT SMALL, ADAM LEE, MICHELE HECK, JASON HOPKINS, DERRICK POMRANKY, AMBER GAMBOA, JON FLANDERS and NICHOLAS PALMER, | : : : : : : | CASE NO. 10-4088 |
| Plaintiffs, | : : | **COMPLAINT AND JURY DEMAND** |
| v. | : : | |
| JAMES MCCRYSTAL, TODD TROBAUGH, and WOODBURY COUNTY IOWA, | : : : | |
| Defendants. | : : : | |

COME NOW, Plaintiffs Clint Small, Adam Lee, Michele Heck, Jason Hopkins, Derrick Pomranky, Amber Gamboa, Jonathan Flanders and Nicholas Palmer, and further causes of action, state the follows:

## JURISDICTIONAL ALLEGATIONS

1. The jurisdiction of this court is invoked pursuant to 42 U.S.C. Section 1983, 28 U.S.C. Section 1331, 28 U.S.C. Section 1343, and the Constitution of the United States. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. Section 1367.

## VENUE

2. Venue in this court is proper pursuant to 28 U.S.C. Section 1391(b) because it is brought in a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred and the Defendants reside in this district.

## PARTIES

3. Plaintiff, Clint Small, is and was at all times material hereto a citizen of the United States, a resident of Iowa, and over twenty-one (21) years of age.

4. Plaintiff, Adam Lee, is and was at all times material hereto a citizen of the United States, a resident of Iowa, and over twenty-one (21) years of age.

5. Plaintiff, Michele Heck, is and was at all times material hereto a citizen of the United States, a resident of Iowa, and over twenty-one (21) years of age.

6. Plaintiff, Jason Hopkins, is and was at all times material hereto a citizen of the United States, a resident of Iowa, and over twenty-one (21) years of age.

7. Plaintiff, Derrick Pomranky, is and was at all times material hereto a citizen of the United States, a resident of Iowa, and over twenty-one (21) years of age.

8. Plaintiff, Amber Gamboa, is and was at all times material hereto a citizen of the United States, a resident of Iowa, and over twenty-one (21) years of age.

9. Plaintiff, Jonathan Flanders, is and was at all times material hereto a citizen of the United States, a resident of Iowa, and over twenty-one (21) years of age.

10. Plaintiff, Nicholas Palmer, is and was at all times material hereto a citizen of the United States, a resident of Iowa, and over twenty-one (21) years of age.

11. Defendant James McCrystal, is and was at all times material hereto, employed by Defendant Woodbury County, Iowa, as a deputy Sheriff. He is sued individually and in his official capacities.

12. Defendant, Todd Trobaugh, is, and was at all time material hereto, employed by Defendant, Woodbury County, Iowa, as a deputy Sheriff. He is sued individually and in his official capacities.

13. Defendant, Woodbury County, Iowa, is county duly incorporated under the laws of the State of Iowa.

14. At all times mentioned herein, Defendants were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the State of Iowa and Woodbury County, Iowa.

**COUNT I**
**SECTION 1983 CLAIM BY ALL PLAINTIFFS AGAINST DEFENDANTS MCCRYSTAL AND TROBAUGH**

15. The allegations set forth in paragraphs 1-14 of this Complaint are replead as if set forth fully and completely herein.

16. During the evening of October 5, 2008, McCrystal and Trobaugh investigated a social gathering in Sloan, Iowa where the Plaintiffs were present.

17. Defendant McCrystal proceeded to use excessive and potentially deadly force when he unlawfully assaulted Plaintiff Small.

18. To cover up his assault, Defendant McCrystal proceeded to arrest Plaintiff Small without probable cause.

19. Subsequently, Defendants McCrystal and Trobaugh conspired to cover up Defendant McCrystal's illegal conduct by arresting, bringing false criminal charges, and making false statements against Plaintiffs Lee, Heck, Hopkins, Pomranky, Gamboa, Flanders, and Palmer and against Tracy Mertz as well.

20. Plaintiffs and Tracy Mertz were subsequently acquitted of all charges brought against them caused by the actions of Defendants McCrystal and Trobaugh.

21. Defendants' actions constitute use of excessive force which deprived Plaintiffs of the constitutional right to bodily security and liberty under the 14th

3

amendment to the United States Constitution and was an unreasonable physical seizure of the Plaintiffs under the 14th amendment to the United States Constitution, in violation of 42 U.S.C. Section 1983.

22. Defendants McCrystal and Trobaugh's conspiracy and action in furtherance of that conspiracy are also in violation Plaintiffs' First, Fourth, and Fourteenth amendments to the United States Constitution.

23. Defendants' conduct was with malice and with willful, wanton, and reckless disregard for the rights of the Plaintiffs.

24. As a result of the unwarranted assault and use of excessive force, as well as subsequent arrest without probable cause, Plaintiffs suffered both physical and mental damages which were proximately caused by the actions of the Defendants.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants, declaring the conduct engaged in by the Defendants to be in violation of Plaintiffs'' rights and award damages as follows:

    a) Damages to compensate, reimburse and make whole the Plaintiff for pecuniary damages suffered by Plaintiff;

    b) Compensation for past and future physical pain and suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

    c) Punitive damages in an amount appropriate to punish these Defendants for willful and malicious misconduct and necessary to deter these Defendants from engaging in such misconduct in the future;

    d) All past and future medical expenses;

    e) Costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided by law;

f) Interest provided by law; and

g) Such other and further relief as the Court may deem proper.

## COUNT II
## SECTION 1983 CLAIM AGAINST DEFENDANT WOODBURY COUNTY, IOWA

25. The allegations set forth in paragraphs 1 through 24 of this complaint are replead as if set forth fully and completely herein.

26. Defendant Woodbury County, Iowa was responsible for all training, policies, practices, customs, and procedures relating to it's deputy Sheriffs.

27. The unconstitutional actions of Defendants McCrystal and Trobaugh, which caused damages to the Plaintiffs, were a result of a municipal policy, custom, and practice of Defendant Woodbury County, Iowa.

28. The unconstitutional actions of Defendants McCrystal and Trobaugh, which caused damages to the Plaintiffs, were a result of Defendant Woodbury County, Iowa's failure to properly train and supervise them.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendant Woodbury County, Iowa, declaring the conduct engaged in by the Defendants to be in violation of Plaintiffs'' rights and award damages as follows:

(a) Damages to compensate, reimburse and make whole the Plaintiff for pecuniary damages suffered by Plaintiff;

(b) Compensation for past and future physical pain and suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

(c) Punitive damages in an amount appropriate to punish these Defendants for willful and malicious misconduct and necessary to deter these Defendants from engaging in such misconduct in the future;

5

(d) All past and future medical expenses;

(e) Costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided by law;

(f) Interest provided by law; and

(g) Such other and further relief as the Court may deem proper.

## SUPPLEMENTAL STATE CLAIMS
## COUNT III
## ASSAULT AND BATTERY BY PLAINTIFF CLINT SMALL AGAINST DEFENDANTS JAMES MCCRYSTAL, TODD TROBAUGH AND WOODBURY COUNTY IOWA

29. The allegations set forth in paragraphs 1 through 28 of this Complaint are replead as if set forth fully and completely herein.

30. At all times material hereto, Defendants McCrystal and Trobaugh were acting in their capacity as deputy sheriffs for the Defendant Woodbury County, Iowa.

31. The excessive force used by Defendant McCrystal, which was aided and abedded by Defendant Trobaugh, was in violation of State law and constituted assault and battery against Plaintiff under the laws of the State of Iowa.

32. Defendant Woodbury County, Iowa is liable for Defendants' assault and battery based upon respondeat superior.

WHEREFORE, Plaintiff Clint Small respectfully request that the Court enter judgment against the Defendants, declaring the conduct engaged in by the Defendants to be in violation of Plaintiffs'' rights and award damages as follows:

(a) Damages to compensate, reimburse and make whole the Plaintiff for pecuniary damages suffered by Plaintiff;

(b) Compensation for past and future physical pain and suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

(c) Punitive damages in an amount appropriate to punish these Defendants for willful and malicious misconduct and necessary to deter these Defendants from engaging in such misconduct in the future;

(d) All past and future medical expenses;

(e) Costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided by law;

(f) Interest provided by law; and

(g) Such other and further relief as the Court may deem proper.

## COUNT IV

### CIVIL CONSPIRACY BY PLAINTIFFS CLINT SMALL, ADAM LEE, MICHELE HECK, JASON HOPKINS, DERRICK POMRANKY, AMBER GAMBOA, JONATHAN FLANDERS and NICHOLAS PALMER AGAINST DEFENDANTS JAMES MCCRYSTAL, TODD TROBAUGH AND WOODBURY COUNTY, IOWA

33. The allegations set forth in paragraphs 1 through 32 of this complaint are replead as if set forth fully and completely herein.

34. Defendants engaged in a civil conspiracy to cover-up Defendant McCrystal's criminal conduct by arresting, bringing false criminal charges, making false statements under oath against all Plaintiffs and Tracy Mertz, and this conspiracy proximately caused damages to the Plaintiffs as set forth herein, and therefore are jointly and separately liable for all of these damages.

35. Defendants intentionally, willfully and wantonly conspired to disregard the rights of Plaintiffs, and thus are jointly and severely liable to punitive damages to punish and deter others from future similar unlawful conduct.

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants, and find the conduct engaged in by the Defendants to be in violation Plaintiffs' rights and award damages as follows:

(a) Damages to compensate, reimburse and make whole the Plaintiff for pecuniary damages suffered by Plaintiff;

(b) Compensation for past and future physical pain and suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

(c) Punitive damages in an amount appropriate to punish these Defendants for willful and malicious misconduct and necessary to deter these Defendants from engaging in such misconduct in the future;

(d) All past and future medical expenses;

(e) Costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided by law;

(f) Interest provided by law; and

(g) Such other and further relief as the Court may deem proper.

## COUNT V

**MALICIOUS PROSECUTION BY PLAINTIFFS CLINT SMALL, ADAM LEE, MICHELE HECK, JASON HOPKINS, DERRICK POMRANKY, AMBER GAMBOA, JONATHAN FLANDERS and NICHOLAS PALMER AGAINST DEFENDANTS JAMES MCCRYSTAL, TODD TROBAUGH AND WOODBURY COUNTY, IOWA**

36. The allegations set forth in paragraphs 1 through 35 of this complaint are replead as if set forth fully and completely herein.

37. As a result of Defendants' wrongful conduct, Plaintiffs were arrested and falsely imprisoned.

38. Plaintiffs were prosecuted, and each one was acquitted.

39. There was no probable cause for the prosecution.

40. Defendants sought prosecution of the Plaintiffs based on malice towards the Plaintiffs.

41. As a proximate cause of Defendants' wrongful conduct, each Plaintiff suffered damage.

WHEREFORE, Plaintiffs pray that the Court enter judgment against the Defendants, and find the conduct engaged in by the Defendants to be in violation Plaintiffs' rights and award damages as follows:

(a) Damages to compensate, reimburse and make whole the Plaintiff for pecuniary damages suffered by Plaintiff;

(b) Compensation for past and future physical pain and suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

(c) Punitive damages in an amount appropriate to punish these Defendants for willful and malicious misconduct and necessary to deter these Defendants from engaging in such misconduct in the future;

(d) All past and future medical expenses;

(e) Costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided by law;

(f) Interest provided by law; and

(g) Such other and further relief as the Court may deem proper.

# COUNT VI

## ABUSE OF PROCESS BY PLAINTIFFS CLINT SMALL, ADAM LEE, MICHELE HECK, JASON HOPKINS, DERRICK POMRANKY, AMBER GAMBOA, JONATHAN FLANDERS and NICHOLAS PALMER AGAINST DEFENDANTS JAMES MCCRYSTAL, TODD TROBAUGH AND WOODBURY COUNTY, IOWA

42. The allegations set forth in paragraphs 1 through 41 of this Complaint are replead as if set forth fully and completely herein.

43. Defendants instituted charges against Plaintiffs, thereby procuring a criminal prosecution of Plaintiffs by Woodbury County, Iowa.

44. The prosecution resulted in dismissal of all charges filed against Plaintiffs.

45. The charges brought in the resulting prosecution were without sufficient probable cause to accuse Plaintiffs of a crime, and were brought willfully and wantonly with malice on the part of the Defendants, and in reckless disregard of the rights of Plaintiffs.

46. The actions of the Defendants were a proximate cause of the damage to Plaintiffs including unjust arrest and imprisonment to the deprivation of Plaintiffs' fundamental civil rights, humiliation, embarrassment, and severe mental and emotional distress, expenses incurred in defending criminal charges.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against the Defendants, declaring the conduct engaged in by the Defendants to be in violation of Plaintiffs' rights and award damages as follows:

    (a) Damages to compensate, reimburse and make whole the Plaintiff for pecuniary damages suffered by Plaintiff;

    (b) Compensation for past and future physical pain and suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

(c) Punitive damages in an amount appropriate to punish these Defendants for willful and malicious misconduct and necessary to deter these Defendants from engaging in such misconduct in the future;

(d) All past and future medical expenses;

(e) Costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided by law;

(f) Interest provided by law; and

(g) Such other and further relief as the Court may deem proper.

## JURY DEMAND

COME NOW Plaintiffs and pursuant to Rule 38(b) of the Federal Rules of Criminal Procedure and demand a trial by jury of all issues alleged in this Complaint.

Respectfully submitted this \_\_\_\_ day of September, 2010.

s/Stanley E. Munger  
s/Jay E. Denne  
MUNGER, REINSCHMIDT & DENNE, L.L.P.  
600 Fourth Street, 303 Terra Centre  
P. O. Box 912  
Sioux City, IA 51102  
(712) 233-3635  
(712) 233-3649 (fax)  
mungrein@aol.com

U:\Small, Clint\Pleadings\Complaint & Jury Demand.doc